IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOHN JOSEPH COMI, JR., | * |
| Plaintiff, | * |
| | *    Civil Action No.: RDB-06-2927 |
| v. | * |
| INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL NO. 333, et al., | * |
| Defendants. | * |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## <u>MEMORANDUM OPINION</u>

Plaintiff John Joseph Comi ("Plaintiff") brought this action against two sets of Defendants (collectively "Defendants").[1]  The Employer Defendants consist of P&O Ports of North America, Inc. ("P&O Ports"), Michael P. Angelos ("Angelos"), the Steamship Trade Association of Baltimore, Inc. ("STA"), and the STA-ILA Drug and Alcohol Abuse Program Committee ("STA-ILA Committee").  The Union Defendants consist of the International Longshoremen's Association Local No. 333 ("Local 333"), Horace Alston ("Alston") and John Shade ("Shade").[2]  Plaintiff's Complaint primarily alleges that the Employer Defendants breached Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 and that the Union Defendants breached the duty of fair representation.  In addition, Plaintiff has alleged that

---

[1] This case is related to another similar matter pending in this Court: *Jason Williams. v. International Longshoremen's Association, Local No. 333, et al,* RDB-06-1943.  Mr. Williams brought suit against the same group of Defendants that Plaintiff has named in his Complaint.

[2] Throughout this Memorandum Opinion, this Court will use the term "Defendants" when referring collectively to both sets of Defendants, and will use the terms "Employer Defendants" and "Union Defendants" when referring specifically to either group of Defendants.

Defendants Alston and Shade breached their fiduciary duty as union trustees.

Pending before this Court is a Motion to Dismiss, or, In the Alternative, Motion for Summary Judgment filed by the Union Defendants. (Paper No. 19.)   The Employer Defendants have filed a separate Motion for Summary Judgment, in which they adopt by reference the Motion filed by the Union Defendants. (Paper No. 20.)  The parties' submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2004).  For the reasons stated below, the Union Defendants' Motion to Dismiss, or, In the Alternative, Motion for Summary Judgment (Paper No. 19) is GRANTED as to Local 333, and GRANTED IN PART and DENIED IN PART as to Defendant Alston and Defendant Shade; and the Employer Defendants' Motion for Summary Judgment (Paper No. 20) is GRANTED.

## BACKGROUND

This Court reviews the facts of this case in the light most favorable to the party opposing the motion.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). Before June 2005, Plaintiff worked as a longshoreman at P&O Ports in the Port of Baltimore. During his employment at P&O Ports, Plaintiff was part of a bargaining unit represented by Local 333, a local affiliate of the International Longshoremen's Association ("ILA"). Defendants Alston and Shade are trustees of Local 333, serving in a temporary     capacity while Local 333 is held in receivership by the ILA.  P&O Ports is represented in collective bargaining and related matters by the STA, a multi-employer association that represents employers in the Port of Baltimore.  Defendant Angelos is president of the STA, which is a signatory to a collective bargaining agreement with Local 333.  The STA-ILA Committee is a joint labor-management committee charged with administering the STA-ILA Program for Drug and

Alcohol Abuse for the Port of Baltimore (the "2005 Drug Policy"), which includes P&O Ports. Alston, on behalf of Local 333, and Angelos, on behalf of the STA, sit on the STA-ILA Committee.

On October 1, 2004, STA and Local 333 entered into a collective-bargaining agreement (the "2004 Agreement") scheduled to expire on September 30, 2010.  The 2004 Agreement contained a comprehensive drug policy (the "2004 Agreement Drug Policy").  According to Defendants, the STA and Local 333 implemented the 2005 Drug Policy on March 1, 2005 to supersede the 2004 Agreement Drug Policy.

On or about June 21, 2005, Plaintiff was allegedly involved in an accident at work, the details of which are immaterial for resolution of the pending motion.  On June 28, 2005, Plaintiff received a letter from the STA-ILA Committee advising that Plaintiff was suspended for sixty days for refusing to take a drug test.  (*See* Complaint, Ex. F.)  On June 29, 2005, Plaintiff filed a handwritten grievance with Local 333.  (Defs.' Ex. 4, Comi Depo. at 23-25.)  On approximately July 13, 2005, Plaintiff filled out a grievance form challenging the same suspension.  (*Id.* at 15-16.)  The grievance form was filed with the Seniority Board, a different joint labor-management committee that hears a wide range of grievances, and was forwarded to the STA-ILA Committee. On August 3, 2005, the STA-ILA Committee sent Plaintiff a second letter, advising him that the first letter was rescinded and he was instead permanently suspended.  (*See* Complaint, Ex. G.) The August 3, 2005 letter specifically referenced the provision under the 2005 Drug Policy under which the STA-ILA Committee made its determination.  (*Id.*)

On August 17, 2005, the STA-ILA Committee held a hearing to discuss Plaintiff's grievance.  (Defs.' Ex. 4 at 32-35, 45.)  Plaintiff attended the hearing with his father and told his

story regarding the alleged workplace accident.  (*Id.*)  Plaintiff subsequently received a third

letter, dated November 28, 2005, that stated that Plaintiff refused to take a drug test and was

suspended for 60 days. (*See* Complaint, Ex. H.)  In response to this letter, Plaintiff contacted

Ralph Judy, the STA-ILA Drug & Alcohol Abuse Program administrator.  (Defs.' Ex. 4 at 47.)

Mr. Judy informed Plaintiff directly that the Drug Abuse Committee had not changed its decision

and that Plaintiff's termination had not been changed due to the erroneous November 28, 2005

letter.  (*Id.* at  47-48.)

        Plaintiff thereafter filed a second grievance. (Defs.' Ex. 11.)  Defendants point to

Plaintiff's deposition testimony, where Plaintiff stated that he mailed or faxed the grievance in

June 2006, one year after the alleged accident that led to his termination.  (Defs.' Ex. 4 at 44-45,

54.)  Plaintiff, however, points to the affidavit of his grandmother, who stated that the grievance

was both sent by registered mail to Defendant Angelos, as President of the STA, and hand

delivered to Local 333 by Kermit Bowling, both on approximately March 15, 2006.  (Pl.'s Ex. C,

Pat Comi Aff., at ¶¶ 7-8.)  In February 2006, Defendant Shade informed Plaintiff by way of his

cousin that he would not be reinstated to his former position, but that he would "see what he

could do."  (Defs.' Ex. 4 at 47-48)

        On November 7, 2006, Plaintiff filed the instant Complaint.  On April 16, 2007, the

Union Defendants filed a Motion to Dismiss, or, In the Alternative, Motion for Summary

Judgment.   (Paper No. 19.)   The Employer Defendants filed a separate Motion for Summary

Judgment, in which they adopted by reference the Motion filed by the Union Defendants.  (Paper

No. 20.)  On June 7, 2007, Plaintiff filed a response to Defendants' submissions.  (Paper No. 25.)

On June 13, 2007, the Employer Defendants filed a reply to Plaintiff's opposition papers.  (Paper

No. 26.)


# STANDARD OF REVIEW

## I.      Motion to Dismiss

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Court accepts all well-pleaded allegations as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.  *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001).  The Supreme Court recently explained that a complaint need not assert "detailed factual allegations" but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).  The Court held that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  *Id*. at 1969.  Thus, a complaint need only state "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 1974.

## II.     Summary Judgment

Summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law.  Fed. R. Civ. P. Rule 56(c).  In *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986), the Supreme Court explained that, in considering a motion for summary judgment, "the judge's function is not

himself to weigh the evidence and determine the truth of the matter but to determine whether

there is a genuine issue for trial."  A dispute about a material fact is genuine if the evidence is

"such that a reasonable jury could  return a verdict for the nonmoving party."  *Id*. at 248.  Thus,

"the judge must ask himself not whether he thinks the evidence unmistakably favors one side or

the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the

evidence presented."  *Id.* at 252.

In undertaking this inquiry, a court must view the facts and the reasonable inferences

drawn therefrom "in the light most favorable to the party opposing the motion." *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986) (internal quotations omitted); *see*

*also E.E.O.C. v. Navy Federal Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005).  The opponent,

however, must bring forth evidence upon which a reasonable fact finder could rely.  *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 324 (1986). After the moving party has demonstrated an absence

of material fact, the opposing party has the obligation to present evidence demonstrating an issue

of fact.  *Pension Ben. Guar. Corp. v. Beverley*, 404 F.3d 243, 246-47 (4th Cir. 2005).  Rule 56(e)

also requires that "affidavits submitted by the party defending against a summary-judgment

motion contain specific facts, admissible in evidence, from an affiant competent to testify,

'showing that there is a genuine issue for trial.'"  *Id.* (quoting 10B Charles Alan Wright &

Arthur R. Miller, Federal Practice and Procedure § 2740, at 399 (3d ed. 1998)).  The mere

existence of a "scintilla" of evidence in support of the nonmoving party's case is insufficient to

preclude an order granting summary judgment.  *Anderson*, 477 U.S. at 252.

## DISCUSSION

As an initial matter, the Union Defendants have styled their pending motion as a Motion

to Dismiss, or, in the Alternative, Motion for Summary Judgment.  Rule 12(b) of the Federal

Rules of Civil Procedure states as follows:

> If, on a motion asserting the defense numbered (6) to dismiss for
> failure of the pleading to state a claim upon which relief can be
> granted, matters outside the pleading are presented to and not
> excluded by the court, the motion shall be treated as one for summary
> judgment and disposed of as provided in Rule 56, and all parties shall
> be given reasonable opportunity to present all material made
> pertinent to such a motion by Rule 56.

*See Talbot v. U.S. Foodservice, Inc*., 191 F. Supp. 2d 637, 639 (D. Md. 2002) (treating motion to

dismiss as motion for summary judgment where the Court had to consider "two items of

evidence extrinsic to the pleadings" including the plaintiff's EEOC charge); *Talbot v. U.S.*

*Foodservice, Inc*., 204 F. Supp. 2d 881 (D. Md. 2002) (same).  This Court will review

Defendants' argument regarding the statute of limitations, which relates to Plaintiff's Section

301 and duty of fair representation claims, under the Rule 56 standard because it is based on

extrinsic evidence.  The Union Defendants' argument regarding the alleged breach of fiduciary

duty by Defendant Shade and Defendant Alston will be reviewed under the Rule 12(b)(6)

standard because the Union Defendants argue only that it fails to state a claim upon which relief

can be granted.

## I.      Section 301 and Breach of Duty of Fair Representation Claims

According to their submissions to this Court, the parties agree that Plaintiff has advanced

what is known as a "hybrid claim," named as such because it comprises a claim against an

employer for breach of a collective bargaining agreement under Section 301 of the Labor

Management Relations Act, 29 U.S.C. § 185, and simultaneously against a union for breach of

the duty of fair representation.  The parties also agree that the statute of limitations for a hybrid

claim is governed by Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), which states that "no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge."  *See DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 155 (1983) ("We conclude that § 10(b) should be the applicable statute of limitations governing [actions] against the employer and against the union.").  The dispositive issue with regard to the Plaintiff's hybrid claim is limited to the narrow question of whether it is barred by the six-month statute of limitations.

A.      **Counts I, II, and V**

Counts I and II allege that the Union Defendants and the STA-ILA Committee breached their duty of fair representation when they implemented and applied the 2005 Drug Policy. Count V alleges that the Union Defendants breached their duty of fair representation to Plaintiff by conspiring with Defendants STA, Angelos, and the Committee to deprive Plaintiff and other members of Local 333 of the protections available under the 2004 Agreement.[3]

This Court has previously recognized that the statute of limitations on a hybrid claim

---

[3] Count V has been read by the Court to allege against the Union Defendants a breach of the duty of fair representation.  To the extent that Count V alleges that the Union Defendants breached the 2004 Agreement, Count V fails to state a claim upon which relief can be granted.  This Court has been unable to find a cause of action against a union for an alleged breach of the terms of a collective bargaining agreement.

Plaintiff alleges in Count V that his rights under Section 7 of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 147 were violated as a result of Union Defendants' breach of the duty of fair representation.  The exclusive avenue for redress for an alleged unfair labor practice under the NLRA is with the National Labor Relations Board, *see San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1959), and therefore Plaintiff's allegations on this ground fail to state a claim for which relief can be granted.

Plaintiff also alleges in Count V that Defendant Alston breached his fiduciary duty.  This claim will be addressed below.

begins to run "'when the claimant discovers, or through the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation.'" *Bruce v. International Longshoremen's Ass'n,* 7 F. Supp. 2d 609, 614 (D.Md. 1998), *aff'd,* 182 F.3d 907 (4th Cir. 1999) (quoting *McCreedy v. Local Union No. 971*, 809 F.2d 1232, 1236 (6th Cir. 1987)).  In this case, Plaintiff should have discovered the alleged violation, at the latest, on November 28, 2005, when Plaintiff was unequivocally informed that he remained terminated.  By that date, Plaintiff had already attended a hearing before the STA-ILA Committee in which he explained the circumstances surrounding the alleged accident that led to his termination.  Therefore, the six-month statute of limitations began to run no later than November 28, 2005, almost a full year before Plaintiff filed his Complaint.  Consequently, the Union Defendants' Motion to Dismiss, or, In the Alternative, Motion for Summary Judgment (Paper No. 19) and the Employer Defendants' Motion for Summary Judgment (Paper No. 20) are GRANTED as to Counts I, II, and V.

### B.      Count IV

Count IV of Plaintiff's Complaint alleges that the Employer Defendants breached the 2004 Agreement by implementing the 2005 Drug Policy and by failing to contact a union representative for Plaintiff.  On August 3, 2005, the STA-ILA Committee sent Plaintiff a letter that clearly advised him that he was being permanently suspended pursuant to a provision in the 2005 Drug Policy.

Therefore, Plaintiff was aware, or should have been aware, of the Employer Defendants' alleged breach, *i.e.* the implementation and application of the 2005 Drug Policy, no later than August 3, 2005, at which time Plaintiff should have realized that he was being permanently

suspended under the 2005 Drug Policy.[4]  Consequently, the Union Defendants' Motion to

Dismiss, or, In the Alternative, Motion for Summary Judgment (Paper No. 19) and the Employer

Defendants' Motion for Summary Judgment (Paper No. 20) are GRANTED as to Count IV.

### C.      Count VI

Plaintiff alleges in Count VI that the Union Defendants breached their duty of fair

representation by failing to provide Plaintiff with assistance in challenging his employment

termination.  Specifically, Plaintiff has alleged that the STA-ILA Committee never responded to

Plaintiff's second grievance, which, taking the facts in a light most favorable to Plaintiff, was

filed on March 15, 2006.  In is undisputed, however, that Plaintiff was unequivocally informed

that he remained terminated.  Plaintiff alleges, however, that sometime in February 2006,

Defendant Shade informed Plaintiff by way of his cousin that, although he would not be

reinstated to his former position, Defendant Shade would "see what he could do."  (Defs.' Ex. 4

at 47-48.)

In *Ryder v. Philip Morris*, 946 F. Supp. 422, 428 (E.D. Va. 1996), the court found that

the statute of limitations began to run on September 11, 1995, the date in which the plaintiff was

informed by a union representative that the union would not take his grievance to arbitration.

After September 11, 1995, the plaintiff continued to have discussions with the union

representative throughout the following fall and winter, during which time the union

representative "suggest[ed] that [the plaintiff] should talk to management, . . . and help[ed the

---

[4] Plaintiff contends that he never received a copy of the 2005 Drug Policy, which was instituted
on March 1, 2005.  (Pl.'s Resp. at 4.)  Although the Union Defendants claim he did in fact have a
copy, this dispute is immaterial because this Court finds that Plaintiff became aware or should
have become aware of the policy at the latest on August 3, 2005.

plaintiff] obtain meetings with various [employer] officials." *Id.* at 426.  The union

representative also personally gave the plaintiff the name of the union official to contact.  *Id.*

Despite the ongoing discussions, the court found that "informal conversations, such as these, do

not toll the statute of limitations period.  'Otherwise, a plaintiff could indefinitely delay

resolution of Labor disputes merely by bombarding his union with tiresome requests . . . .'"  *Id.*

at 433 (quoting *Sosbe v. Delco Electronics Div. of G.M.C.*, 830 F.2d 83, 87 (7th Cir. 1987)).

This principle applies with equal force in this case.  Therefore, Defendant Shade's

statement to Plaintiff that he would "see what he could do" had no effect on the commencement

of the statute of limitations, which began running, at the latest, on November 28, 2005, nor did it

serve to toll the statute of limitations.  Therefore, the Union Defendants' Motion to Dismiss, or,

In the Alternative, Motion for Summary Judgment (Paper No. 19) and the Employer Defendants'

Motion for Summary Judgment (Paper No. 20) are GRANTED as to Count VI.[5]

### D.    Count VII

Count VII of Plaintiff's Complaint alleges that the Union Defendants breached the duty

of fair representation by suspending the "Walking Delegate," a role, according to Plaintiff, that

was intended to provide assistance to an aggrieved employee during the grievance process.   This

claim is also time-barred because Plaintiff should have learned that the "Walking Delegate" was

unavailable to him during the grievance process, which ended when his grievance was denied.

Therefore, the Union Defendants' Motion to Dismiss, or, In the Alternative, Motion for

Summary Judgment (Paper No. 19) and the Employer Defendants' Motion for Summary

───────────────────

[5] This Court will not accept Plaintiff's invitation to treat his allegations as a simple contract
claim  "[i]f the Court concludes that Plaintiff's hybrid claim is untimely," (Pl.'s Resp. at 17),
when they so clearly constitute a Section 301-duty of fair representation hybrid claim.

Judgment (Paper No. 20) are GRANTED as to Count VII.

### E.      Count VIII

In Count VIII, Plaintiff argues that the Union Defendants violated their duty of fair representation by implementing the 2005 Drug Policy on March 1, 2005, and that this breach "has continued at all relevant times herein, and continues to the present date." (Pl.'s Complaint, ¶ 92.)  If this were true, the statute of limitations would never bar Plaintiff's claim as long as the 2005 Drug Policy is in place.  This is clearly against the salutary federal policy of resolving labor disputes promptly, *see DelCostello*, 462 U.S. at 168, as well as the purpose of a statute of limitations, which is to require the "prompt presentation of claims." *Coppage v. United States Postal Service*, 281 F.3d 1200, 1206 (11th Cir. 2002).  Therefore, this Court will not adopt Plaintiff's "continuing violation" theory and the Union Defendants' Motion to Dismiss, or, In the Alternative, Motion for Summary Judgment (Paper No. 19) and the Employer Defendants' Motion for Summary Judgment (Paper No. 20) as to Count VIII are GRANTED.

## II.      Breach of Fiduciary Duty – Counts III, V, and VIII

Count III of Plaintiff's Complaint alleges that Defendants Shade and Alston breached the fiduciary duty they owed to Plaintiff as trustees of Local 333 under the common law and Section 501 of the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA"), 20 U.S.C. § 501.  As to the alleged breach of fiduciary duty under the LMRDA, the Union Defendants have accurately noted that before an individual union member may bring an Section 501(a) action, the individual union member must first request that the union itself take legal or other appropriate action to remedy the alleged breach and then, upon the union's refusal to take such action, the individual must then obtain leave of the court through a verified application. 20 U.S.C. § 501(b).

Therefore, this Court GRANTS Plaintiff's request to voluntarily withdraw the LMRDA claim in order to pursue the statutory prerequisites.

In addition to the remaining common law breach of fiduciary duty alleged in Count III, Counts V and VIII also allege that Defendant Alston and Defendant Shade breached their fiduciary duty to Plaintiff.

The Union Defendants claim that Plaintiff's allegation fails because, under the common law, "no such cause of action exists as against the officers of a labor organization—or, in this case, those who stand in the place of such officers, *i.e.*, trustees—outside the context of a union enforcing a collective bargaining agreement's union security clause." (Defs.' Mem. Summ. J. at 10-11.)  Defendants do not, however, cite to any case law that explicitly supports this proposition and therefore do not demonstrate to a sufficient degree of certainty that the claim must fail because relief cannot be granted.  Therefore, the Plaintiff's Complaint alleges "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1964-65.[6]

Consequently, the Union Defendants' Motion for Summary Judgment (Paper No. 19) is DENIED as to Count III, and is also DENIED as to Counts V and VIII insofar as they allege that Defendants Shade and Alston breached their fiduciary duty to Plaintiff.  The Union Defendants' Motion for Summary Judgment, however, is GRANTED as to Local 333, because Plaintiff has

---

[6] Plaintiff's common law breach of fiduciary duty claim is governed by the Maryland statute of limitations applicable to civil actions, which states that "[a] civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced."  Md. Code Ann., Cts. & Jud. Proc. § 5-101.  Maryland courts have also adopted the "discovery rule," which provides that a "cause of action accrues when the claimant in fact knew or reasonably should have known of the wrong."  *Poffenberger v. Risser*, 431 A.2d 677, 680 (Md.1981).  Thus, Plaintiff's potential claim is not barred by the applicable statute of limitations, as was his hybrid claim.

not asserted a breach of fiduciary duty claim against that particular Union Defendant in his

Complaint.

**<u>CONCLUSION</u>**

For the reasons stated above, the Union Defendants' Motion to Dismiss, or, In the

Alternative, Motion for Summary Judgment (Paper No. 19) is GRANTED IN PART and

DENIED IN PART, and the Employer Defendants' Motion for Summary Judgment (Paper No.

20) is GRANTED.[7]  A separate Order follows.

/s/_____
Richard D. Bennett
United States District Judge

Date: November 30, 2007

---

[7]  By separate Order accompanied by a Memorandum Opinion, this Court will consolidate the remaining Counts in this case with the remaining Counts a factually similar case against the same Defendants, *Williams. v. International Longshoremen's Association, Local No. 333, et al,* RDB-06-1943, for the purposes of discovery.